IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN S. WILLIAMS,

    Plaintiff,                                      No. CIV S-06-2903 MCE EFB P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,,                    ORDER

    Defendants.
_____/

    Plaintiff, a state prisoner at High Desert State Prison, has filed a document styled "motion for emergency injunctive relief," seeking access to the law library, relief from placement in administrative segregation, relief from being ordered to provide DNA samples, and return of legal materials, among other things. No other pleadings have been filed by plaintiff. In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, plaintiff's motion will be denied without prejudice. Plaintiff will be provided the opportunity to file his complaint.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed *in forma pauperis* is granted.

/////

1

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.
2  §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.92 will be assessed by this order.
3  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect
4  the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
5  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
6  month's income credited to plaintiff's prison trust account. These payments will be forwarded
7  by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
8  exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

9  Plaintiff may not bring his complaint as a class action. Plaintiff is a non-lawyer
10 proceeding without counsel. It is well established that a layperson cannot ordinarily represent
11 the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule
12 becomes almost absolute when, as here, the putative class representative is incarcerated and
13 proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms,
14 plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule
15 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779
16 (D.D.C. 1976). Once a complaint is filed, this case will therefore not be construed as a class
17 action and instead will be construed as an individual civil suit brought by plaintiff.

18 Plaintiff is cautioned that he must state his claim briefly and concisely. In *McHenry v.*
19 *Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the
20 dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and
21 largely irrelevant. It consists largely of immaterial background information." The court
22 observed the Federal Rules require that a complaint consist of "simple, concise, and direct"
23 averments. *Id*. As a model of concise pleading, the court quoted the standard form negligence
24 complaint from the Appendix to the Federal Rules of Civil Procedure:

25    1. Allegation of jurisdiction.
26    2. On June 1, 1936, in a public highway, called Boylston Street, in Boston

> Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

*Id.*

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in *McHenry*: there is much "'narrative rambling'" yet a marked lack of "notice of what legal claims are asserted against which defendants." *Id*. at 1176. As in *McHenry*, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." *Id*. at 1179.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be given an opportunity to file an amended complaint, **limited to fifteen pages**. Plaintiff may use the court's form for filing a civil rights action, which will be provided again. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule,

an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 4, 2006, motion for preliminary injunction is denied without prejudice;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.92. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a complaint, **limited to fifteen pages**, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint. Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE