IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN S. WILLIAMS,

    Plaintiff,                           No. CIV S-06-2903 MCE EFB P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,

    Defendants.                 <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On March 12, 2007, plaintiff requested an extension of time of 80 days in which to file an amended complaint pursuant to the court's order filed on January 18, 2007. *See* Fed. R. Civ. P. 6(b). The court finds this request to be excessive. Plaintiff is granted an extension of time for 30 days.

      Also on March 12, 2007, plaintiff filed a request to exceed the 15-page limit set forth by the court in the aforementioned order. Plaintiff's original pleading, styled as a motion for emergency injunctive relief, is 61 pages in length and comprised of many pages of generalized discussion on access to the courts and quality of life for incarcerated persons in California's prisons. Plaintiff is admonished that to state a claim he must simply allege, with brevity and specificity, how the conditions complained of have resulted in a deprivation of his constitutional

rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The complaint must also allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The allegations of a complaint can easily be set forth in a numbered list, identifying each defendant and stating how each defendant's actions have specifically harmed plaintiff.  Plaintiff may thereafter include a discussion of his supporting authorities.  Plaintiff is cautioned that he must follow the instructions contained in this order and in the order issued January 18, 2007.  With those admonitions, plaintiff's request for permission to exceed 15 pages is granted, but plaintiff is limited to no more than 20 pages.

If the court finds plaintiff's amended complaint to be prolix and rambling, as was his first pleading, the court will dismiss the pleading.  Failure to comply with a court order may result in the imposition of sanctions, including dismissal of the entire action.

Plaintiff has also filed a document styled a "request for court ordered law library access of 30 hours weekly," which the court construes as a request for a preliminary injunction.  Plaintiff has not shown that he meets the requirements for a preliminary injunction.  He has yet to satisfy the most fundamental prerequisites to suit; that he has invoked the court's subject matter jurisdiction and has stated a claim against a specific defendant(s).  Moreover, a motion for a preliminary injunction ordinarily may only be entertained after the commencement of an action.  In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. The court will not issue any orders granting or denying relief until this action has been properly commenced by the filing of plaintiff's amended complaint. Therefore, plaintiff's motion is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 12, 2007, request for an extension of time in which to file an amended complaint is granted;

2. Plaintiff has 30 days from the date this order is served in which to file an amended complaint;

3. Plaintiff's March 12, 2007, request for permission to exceed the 15-page limit set by the court in its January 18, 2007, order is granted;

4. Plaintiff may file an amended complaint limited to 20 pages; and

5. Plaintiff's March 12, 2007, request for a court order, construed as a motion for a preliminary injunction, is denied without prejudice.

Dated:  April 11, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE