IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN S. WILLIAMS,

      Plaintiff,

vs.

CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,

      Defendants.

             No. CIV S-06-2903 MCE EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations pursuant to 42 U.S.C. § 1983. On June 27, 2007, the court found that plaintiff had failed to file an amended complaint and recommended dismissal of the action. On July 13, 2007, plaintiff filed objections to the findings and recommendations together with a motion for a preliminary injunction. On August 14, 2007, plaintiff filed his belated amended complaint. Although the amended complaint is late, the court will screen it and address the motion for preliminary injunction. Accordingly, the findings and recommendations filed on June 27, 2007, are vacated.

////

////

////

**I.      Motion for Preliminary Injunction**

Plaintiff seeks a preliminary injunction ordering defendants to allow him 30 hours per week of access to the prison law library.  Plaintiff claims that current conditions of the California Department of Corrections have delayed his ability to research legal issues.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff has failed to show that he is likely to prevail on the merits.  Indeed, as discussed below, the complaint is so poorly plead that it fails to state a claim and must be dismissed.

////

////

However, even assuming that plaintiff had at least raised serious questions, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief.  Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of harm he alleges.  Plaintiff's motion for preliminary injunction consists of 26 typewritten pages filled with citations to legal authority with nine pages of attached exhibits.  This filing alone evidences plaintiff is gaining more than adequate access to the law library at his facility of incarceration.  Plaintiff's motion for a preliminary injunction must therefore denied.

## II.     Plaintiff's Amended Complaint

Plaintiff's original complaint was dismissed by order filed April 12, 2007.  In that order, the court admonished plaintiff that his complaint was prolix and obscure and that he must file an amended complaint not to exceed 20 pages, which comports with the Federal Rules of Civil Procedure.  In spite of that order, plaintiff's amended complaint is 94 pages in length and fraught with the same deficiencies as his original complaint.  In reviewing plaintiff's complaint, the court is, again, required to guess who is being sued for what.  If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's.  *See McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971).

Plaintiff again has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  This rule requires the pleader to set forth his averments in a

////

////

simple, concise, and direct manner.[1]  The court may insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).  The court therefore dismisses the amended complaint and will afford plaintiff one final opportunity to amend.  If plaintiff wishes to continue this litigation he must file an amended complaint.

Once again, the court admonishes plaintiff of what he must do to properly amend his complaint.  Plaintiff need not identify the law that makes the alleged conduct wrong.   He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant.  *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

A complaint must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined in the same action.  Fed. R. Civ. P. 18(a).

Claims against different defendants may be joined in the same action only if the claims arise from the same transactions or occurrences.  Fed. R. Civ. P. 20(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count."  Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

 These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);

---

[1] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process.  Wright & Miller § 1281 Rule 8 p. 519.

*Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).[2]

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

The amended complaint must be complete in itself without reference to plaintiff's original complaint.  Local Rule 15-220.

Finally, plaintiff is again admonished that a prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal

---

[2] Negligence is not actionable under 42 U.S.C. § 1983.  However, to illustrate the simplicity and brevity of statement contemplated by the rules (*see* Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

>  1. Allegation of jurisdiction.
>  2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
>  3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>  Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1  with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441
2  (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply
3  with local rule requiring he notify the court of any change of address).

4      Accordingly, IT IS HEREBY ORDERED that:

5      1. The June 27, 2007, findings and recommendations are vacated; and

6      2. Plaintiff's complaint is dismissed with leave to amend within 60 days. Plaintiff shall
7  file an original and one copy of the amended complaint, which must bear the docket number
8  assigned to this case and be titled "Second Amended Complaint." Failure to comply with this
9  order will result in a recommendation the action be dismissed and, if warranted, that dismissal
10 will be with prejudice.

11     Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's
12 July 13, 2007, motion for a preliminary injunction be denied.

13     These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
18 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
19 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20 Dated: December 4, 2007.

                 EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE