IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN S. WILLIAMS,

    Plaintiff,                                         No. CIV S-06-2903 DOC

    vs.

CALIFORNIA DEPT. OF CORRECTIONS        <u>ORDER</u>

AND REHABILITATION, et al.

    Defendants.

_____/

    Plaintiff, John S. Williams, is a prisoner without counsel suing for alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint, styled as a motion for emergency injunctive relief, was dismissed by court order on January 18, 2007. In that order, the court informed Plaintiff that his complaint was obscure and vague, that he needed to file an amended complaint not to exceed fifteen (15) pages, and that he needed to comply with the Federal Rules of Civil Procedure in doing so. In particular, Plaintiff was advised that his complaint must allege in more certain terms how each named defendant is involved in his action, as no liability under Section 1983 attaches unless there is an affirmative link or connection between a defendant's action and the claimed deprivation. *See* Docket No. 7; January 18, 2007 Order at 3. Plaintiff was further informed that ambiguous, conclusory, and vague allegations are

insufficient to state a cognizable claim. *Id*.

Plaintiff was given leave to file an amended complaint. Further, by an order dated April 12, 2007, he was granted an extension of time to file his amended complaint and leave to file a twenty (20) page amended complaint. *See* Docket No. 20. Plaintiff ultimately filed a 90-page amended complaint on August 14, 2007, and also sought preliminary injunctive relief. By an order and findings and recommendations entered December 5, 2007, the magistrate judge ordered dismissal of Plaintiff's amended complaint and consequently recommended denial of Plaintiff's motion for preliminary injunctive relief. The magistrate judge's December 5, 2007 findings and recommendations were adopted in full by the district court on January 31, 2008, upon a de novo review.

By the court's December 5, 2007 dismissal of Plaintiff's complaint, Plaintiff was again informed that he had failed to comply with the pleading requirements of Fed. R. Civ. P. 8, requiring the pleader to set forth his averments in a simple, direct, and concise manner. *See* Docket No. 28; December 5, 2007 Order at 3-4 ("If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's."). Plaintiff was further admonished that "[h]is failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice." *Id*. at 5. Plaintiff was informed by the court that he would receive one final opportunity to amend his complaint pursuant to the court's directions. *Id*. at 4.

Plaintiff filed his second amended complaint on February 21, 2008. This matter was then reassigned to this Court on December 12, 2008. Plaintiff brought a Reiteration of Motion for Emergency Injunctive Relief and Motion for Reconsideration on January 12, 2009.

Under 28 U.S.C. § 1915A, this Court must "review, before docketing...or...as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

1  "On review, the court [must] identify cognizable claims or dismiss...any portion of the
2  complaint, if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief
3  may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."
4  28 U.S.C. § 1915A(b).  This Court therefore must determine whether Mr. William's Second
5  Amended Complaint ("SAC") states a cognizable claim for relief with respect to each named
6  defendant.

7  Pursuant to the two previous dismissals in this matter, the Court finds that the SAC does
8  not state a cognizable claim.  Plaintiff has basically resubmitted the same pleadings as the
9  amended complaint dismissed by the former court on December 5, 2007.  The 67-page SAC has
10 minor changes, occasionally deleting a few pages, reordering the pages, or adding a generic
11 sentence such as, "PLAINTIFFS assert that the retaliation against them by the DEFENDANTS
12 caused them to loose privileges they would otherwise have enjoyed."  (Compare SAC at 27 to
13 amended complaint at 44).  The Plaintiff is ill-advised in simply refiling a virtually identical
14 complaint to one that has already been dismissed for failing to comply with Rule 8.  Having not
15 submitted a viable complaint, Plaintiff's Reiteration of Motion for Emergency Injunctive Relief
16 is also summarily denied.  Further, in his Motion for Reconsideration, Plaintiff raises no tenable
17 legal argument for reevaluating the reassignment of this case to the instant Court.

18 In accordance with the above, IT IS HEREBY ORDERED that:

19 1. Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.

20 2. Plaintiff's Motion for Reconsideration is DENIED.

21 3. Plaintiff's Reiteration of Motion for Emergency Injunctive Relief is DENIED.

23 DATED: June 26, 2009

David O. Carter
DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE
Sitting by Designation

3